4 U.S. 130 (____)
4 Dall. 130
J. Conrad
versus
Conrad et al. Administrators of G. Conrad.
Supreme Court of United States.

*131 C. Hall, C. Smith, and Hartly, for the plaintiff.
J. Smith, Duncan, and Tilghman, for the defendant.
By the COURT:
This is an action to recover damages, for the non-conveyance of 100 acres of land, agreeably to an express promise of the intestate; with respect to which the evidence certainly supports the declaration. Considering, however, the relation of the parties, the other parental obligations of the intestate, and the extent of the property, it would seem rather excessive to give the full value of the land in damages for a breach of the promise. Is there, then, any thing in the evidence, that will warrant the jury, in departing from that strict standard of the damages? We think there is. The father's intimation, that he would place Jacob on a footing with his other children, may be fairly construed as a promise, (explanatory of what he had before said) that he would give him a child's share of the estate. If the jury adopt the construction, however, the other illegitimate children must be put out of the calculation. On this principle one fifth, would entitle him to a verdict for 150l. As to interest, it will depend upon the discretion of the jury: but if the eldest son took the estate, at the valuation, he must have paid interest to the younger children; and, consequently, on the ground of equality, it would be right to allow it to the plaintiff.
Verdict for the plaintiff 145l. damages.[(1)]
NOTES
[(1)] This cause was tried at York Town, N.P. before SHIPPEN and BRADFORD, Justices, in May 1793.