PETER ZUBER <em>against</em> CHRISTOPHER GEIGAR.

Verdict not warranted by the evidence set aside, and a new trial granted.

MR. LEWIS for the defendant, obtained a rule to show cause why a new trial should not be granted.

The cause had been tried on the 27th September last, at Reading, before Yeates and Smith, Justices, and the former made the following report of the evidence given at the trial:

It was admitted, that about the year 1785, Geigar sold a tract of land in Robeson township, Berks county, to Zuber, for 4000*l*.; and that the latter being wholly unable to comply with his contract, executed to the former two bonds for 250*l*. each, with security, in May 1787, as a compensation of his damages.

On the 11th June 1793, a judgment was entered up on one of the bonds, which was afterwards assigned over to one William Lewis, the son-in-law of Geigar, in the same year Geigar commiserating the case of Zuber, told a friend of his that he should call on him, and he would transfer him a tract of land in Northumberland county, to make up in some measure his loss. Zuber called accordingly, and received from Geigar a patent to enable a scrivener to draw a conveyance thereof to him, which was afterwards prepared, and Zuber paid 15*s*. for the drawing thereof.

In the month of December following, and before the deed was offered to Geigar to be executed, Zuber made an affidavit of defence to the judgment entered up, and insisted that a loose receipt which he had for 90*l*. should be credited on the obligation over and above a receipt indorsed on the bond for the same sum, and bearing the same date. The cause came on to be tried at the ensuing May term when the jury were fully satisfied that only one payment of 90*l*. had

been made; and disallowed by their verdict the loose receipt. Geigar dissatisfied with and irritated at the dishonest attempt of Zuber, refused to execute to him the conveyance for the Northumberland tract; and for this breach of contract Zuber brought special assumpsit to recover damages.

No evidence was given to the jury of the value of this tract of land, its quantity, or part of the county wherein it lay.

The court observed to the jury, that exclusive of difficulty of giving damages for not conveying lands, of the value whereof nothing appeared, another object of consideration presented itself, whether the conduct of Zuber did not dispense with the performance of the gratuitous promise made by Geigar. The engagements in the nature of the thing must have been founded on motives of compassion, and made under a firm confidence that the two bonds would be discharged without further difficulty, and without attacking Geigar's reputation, by an unjust charge of fraudulently witholding a credit of 90*l.* It was true, the paying for the drawing of the deed was a loss to Zuber, and therefore a sufficient consideration for supporting the promise; yet his proper conduct might discharge the party therefrom, or at least would in good conscience materially reduce the damages recoverable thereon.

The jury however found a verdict for the plaintiff for 180*l.* 6*s.* 3*d.* damages, and handed a paper to the clerk of the court (which was produced on the motion) whereby it appeared, that each juror had put down a sum in figures from 500*l.* to 5*l.* the aggregate whereof divided by 12, had produced a quotient, which resulted in their verdict.

On hearing of this statement, Mr. Hallowel of counsel for the plaintiff, candidly admitted, that the want of evidence as to the value of the tract of land in Northumberland county, was an insuperable defect, and that the jurors' mode of adjusting their verdict, in a matter of property, was highly dangerous in itself, and not to be justified; whereupon the rule for granting a new trial was made absolute.