The opinion of the court was delivered by
Duncan, J.
The declaration contains four counts;—
1. On the special promise to give Elizabeth Koons one hundred acres of land, in consideration that she should live with the intestate, as his housekeeper, until her marriage, with an averment that' she did live with him, and keep his house until her marriage.
2. That he would give her one hundred acres of land, if she lived with him until her maiTiage, and married the plaintiff, George Sherman, with an averment that she did live with him until she Intermarried with George Sherman.
3. Is a promise to give her one hundred acres of land, if she *47 married George Sherman, with an averment that she intermarried with George Sherman.
4. Is a quantum meruit for work, labour, and services.
The error assigned is, in that part of a long charge in which the court say, e( There can be no recovery, unless there was a legal promise, seriously made: if a promise is so vague in its terms as to be incapable of being understood, and of being carried into effect, it cannot be enforced. If George Sherman had reference to no particular lands; if he did not excite or intend to excite, a hope or expectation in Elizabeth Koons, that after her marriage with George Sherman she should get any land, such promise would not be so perfect, as to furnish the ground of an action for damages. But if George Sherman was seised of several tracts in the vicinity, and he promised her one hundred acres, in such a manner as to excite an expectation in her that it was a particular part of his lands so held by him, though not particularly describing or specifying its value, or by whom; and if, in pursuance of such promise, she did marry George Sherman, then, the action might be sustained.”
Now, let us put the case of the plaintiffs in the most favourable light,-without regarding the form of the declaration, and admit that the proof met the allegation, the special promise of the one hundred acres of land, the consideration of the promise, marriage, and its execution, and living with the defendant’s intestate until the marriage, the charge of the court was, in the particular complained of, more favourable to the plaintiffs than their casé warranted. It should have been, on the question put to the court — that the promise could not support the action; that the defendant’s intestate did not assume to convey any certain thing, to convey any certain or particular land, or that could, with reference to any thing said by him, refer to any thing certain. Whereas the court submitted to the jury whether it did refer to any thing certain, viz. lands of the intestate in the vicinity; and that without one spark of evidence to authorize the jury to make such an inference or draw such conclusion. And, if the verdict had been for the plaintiffs, on either of these three counts, the judgment would have been reversed for this error. The jury have found that the promise referred to nothing certain, no particular lands any where of which the promisor was seised. Except the count on the quantum meruit, for the reasonable allowance for the services of Elizabeth Koons, it was not an action of indebitatus assumpsit, but an action on the special contract — an action to recover damages sustained by the plaintiff for the breach of a promise to convey one hundred acres of land, an action for, not specifically executing the contract. There can be no implied promise, because, whatever the undertaking was as to the one hundred acres, it was express: the action is brought on the express promise, and that only lies where a man by express words, assumes to do a certain thing. Com. Dig. title Assumpsit upon an express Promise, A.3. Not that this means an absolute *48 certainty, but a certainty to a common intent, giving the words a reasonable construction. But the words must show the undertaking was certain; for, in assumpsit for non-payment of money, it is necessary to reduce the amount to a certainty; or, on a quantum meruit, by an averment,'where the amount does not otherwise appear. Express promises or contracts ought to be certain and explicit, to a common intentat least. 1 Com. on Cont. 3. They may be rendered certain by a reference to something certain; and the cases to be found in the books as to the' nature of this reference, are generally on promises on .marriage: as, where A., in-consideration that B. would marry his daughter, promised- to give with her a child’s portion} and that, at the time of his death, he would give to her as much as any of his other children, except his eldest son,— this, was holden to be a good promise:'for, although a child’s portion is altogether uncertain, yet what the rest of the children, except the eldest got, reduces it to a sufficient certainty. Sylvester’s Case, Popham, 148. 2 Roll. Rep. 104. But, if a citizen of London promises' a child’s portion, that of itself is sufficiently certain; for, by the custom there, it is certain how much each child shall have. 2 Roll. Rep. 104. 1 Lev. 88. Now, here, the court instructed the jury, that if they could find this promise to refer to any thing certain, any land in particular, the action could be maintained. This was leaving it to the jury more favourably for the plaintiffs than' ought to have been done; for the jury should have been instructed, that as there was nothing certain in the promise, nothing referred to, to render it certain, the action could not be maintained. The contract was' an express one, — nothing could be raised by implication, — no other contract could be implied. By the statute of frauds and perjuries, such a promise would be void, in England, not being in writing; and, although that provision is not incorporated in our act on the subject, this would be matter of regret, if such loose speeches should be held to amount to a solemn binding promise, obliging the speaker to convey one hundred acres of his homestead estate, or pay the value in money. If a certain explicit, serious promise was made with her, though not in writing, if marriage was contracted oh the faith of it, and the promise was certain of some certain thing, it would be binding. There would, in the present case, be ho specific performance decreed in a Court of Chancery: the promisor himself would not know what to .convey, nor the promisee what to demand. If it had been a promise to give him one. hundred pieces of silver, this would be too vague to support an action; for what pieces? — fifty cent pieces or dollars? — what denomination? One hundred cows or sheep would be sufficiently certain, because the intention would be, that they should be at least' of. a middling quality; but one hundred acres of land, without locality, without estimation of value, without relation to any thing which could render it certain, does appear - to me to be the most vague of all promises; and, if any contract can be void for its un *49 certainty, this must be. One hundred acres on the Rocky mountain, or in the Conestoga manor — one hundred acres in the mountain of Hanover county, Virginia, or in the Conewango rich lands of Adams county — one hundred acres of George Sherman’s mansion place at eighty dollars per acre, or one hundred acres of his barren lands at five dollars.
This vague and void promise, incapable of specific execution, because it has nothing specific in it, would not prévent the plaintiffs from recovering in a quantum meruit for the value of this young woman’s services, until her marriage. If this promise had been, that, in consideration of one hundred pounds, the defendant’s testator promised to cpnvey her one hundred acres of land, chancery would not decree a specific performance, or decree a conveyance of any particular land; yet the party could recover back the money he had paid in an action. As, where a young man, at the request of his. uncle, lived with him, and his uncle promised to do by him as his own child, and he lived and worked with him above eleven years; and his uncle said his nephew should be one of his heirs, and spoke of advancing a sum of money to purchase a farm for him as a compensation for his services: but died without doing any thing for his nephew, or making him any compensation, it was held that an .action on an implied assumpsit would lie against the executors for the work andjabour performed by the nephew for the testator. Jackson v. The Executors of Le Grange, 3 Johns. 199. In Conrad v. Conrad’s Administrators, 4 Dall. 130, a plantation was bought by the plaintiff, an illegitimate son of the defendant’s intestate, on a special agreement that if the plaintiff would live with the intestate, and work his plantation for six years, he would give and convey to him one hundred acres of the land. This was held a good promise, because it was certain — one hundred acres of the plantation on which the father lived. But, in this ease, the jury have negatived all idea of an agreement to give Miss Koons one hundred acres of any particular kind or quality of land, of any certain description, on which any value could be put. In 2 Yeates, 522, in an action on a promise to convey a tract of land in Northumberland county to the plaintiff, the promise was in the first instance gratuitous, but the plaintiff had paid the scrivener to draw the conveyance, which was held to be a sufficient consideration for the promise: the action was for damages for not conveying it. No evidence was given of the value of the land. The court stated the difficulty of giving damages for not conveying lands, of the value of which nothing appeared. The plaintiff’s counsel admitted the want of evidence of the value of the land was an incurable defect. If the defect of evidence of value would be incurabie,- the defect of all allegation or proof of any thing by which the value could be regulated, anything to afford a clue to the jury by which to discover what was intended to be given, any measure of damages, would be fatal. The promise is as boundless as the *50 terrestrial globe. . The party would lie at the mercy of the jury— there would be'the same reason for ten thousand dollars damages as ten cents. The court could not set aside the verdict in any case, either on account of extravagance, .or smallness of damages, for there is nothing by which to measure them; but the arbitrary discretion, or the caprice of the jury must decide them, without evidence and without control. It cannot be' compared to actions of slander, where the jury have a wide range, and must exercise some latitude, — it is ah action on an express'promise, which the law says must be to perform-something either certain to a common intent, or by a reference to something which can render it certain. In contracts, which can be enforced specifically, or where damages are to be given for their non-performance, there is always a measure of damages: in actions affecting the reputation, the person, of the liberty of a man;, they'must depend, in,some measure, oh the direction of the jury. If the jury go beyond the standard, the value ascertained by evidence of the thing contracted for, or under its value, the court will set aside-the verdict, but in the vindictive class of actions, the damages must be outrageous to justify the interference of. the court, — seldom, if ever, for smallness of damages. .There is a great difference between damages which can-be ascertained, as in assumpsit, trover, &c., where there is a measure, and personal torts, as false imprisonment, slander, malicious prosecution, where damages are matter of .opinion. To say ,that nominal damages, at least, ought to be given, is taking for granted the very matter in controversy; for the legal question is, was there an actionable promise ? — á promise to do any thing certain, or certain to a common intent, or where, by reference to any thing, it would be rendered certain. The jury have negatived all this. ■
I am therefore of opinion, that there was no error in the opinion of the court, by which the plaintiffs have been endamaged: that the law was laid down more favourably for them than the evidence warranted*
Judgment affirmed.