## SUPREME COURT.

### FLYNN agt. CRONIKEN AND OTHERS.

Where the testator, in the first provision in his will, directed his executors to pay
his debts and funeral expenses, but made no mention of legacies, and then gave
to his wife a specific legacy of $450, together with the unexpired lease of the
premises which he then occupied, and all the household furniture and personal
property within the dwelling house situated on the premises, excepting money
and choses in action, and declared that such bequest should be in lieu of dower;
after this, devised and bequeathed all the *rest and residue* of his estate, both
real and personal, of which he might die seized or possessed, to his mother—
*held*, that the legacy of $450 to his wife was a charge on the *real estate*, there
not being sufficient personal property.

*New-York Special Term*, Feb. 1853.   *On demurrer.*

CHAS. H. SMITH, *for Plaintiff.*
T. JAMES GLOVER, *for Defendants.*

EDWARDS, Justice.   By the first provision of the will, the
testator directs his executors to pay his debts and funeral ex-
penses, but he makes no mention of legacies.   He then gives
to his wife a specific legacy of $450, together with the unex-
pired lease of the premises which he then occupied, and all the
household furniture and personal property within the dwelling-
house, situated on the premises, excepting money and choses
in action, and declares that such bequest and provision shall be
in lieu of dower.   After this he gives, devises, and bequeaths,
all the rest and residue of his estate, both real and personal,
of which he may die seized or possessed, to his mother.

The personal estate was not sufficient for the payment of the
legacy of $450, and the question which is now presented is,
whether it is a charge upon the real estate.   It seems to me,
that the provisions of the will, especially when taken in con-
nection with the situation of the testator's property, render it
sufficiently apparent that the testator intended that the legacy
should be paid out of his real estate, if necessary.

The legacy is not directed to be paid by the executors.   It
is given in lieu of dower, which I think shows that the testa-

tor's intention was, that it should be paid at all events; and the devise and bequest to his mother is not of any specified estate, but of the rest and residue of his *real* and personal estate. In the case of Aubrey agt. Middleton, (4 *Vin. Ab.* 463, *sec.* 15.) The word *residue,* when taken in connection with the other provisions of the will, was considered a sufficient indication of the testator's intention to charge the legacies on the real estate. And in the case of Cole agt. Turner, (4 *Russ.* 376,) it was held by Sir G. LEACH, that the word *residue* meant what remained after some prior purpose was satisfied, and that as no prior purpose was indicated, except the satisfaction of the annuity and legacies previously given, they were a charge upon the freehold. In the case of Nichols agt. Portelthwaite, (4 *Dall.* 131,) the same effect was given to the word *residue.*

I think that the legacy in question in this case is a charge upon the real estate, and the plaintiff is entitled to judgment accordingly.